IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 09-14280-CIV-MOORE/LYNCH

ALAN K. RICHARDS,

    Plaintiff,

v.

AYUSMAN SEN, et al.,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Complaint and For Sanctions Pursuant to 28 U.S.C. § 1927 (dkt # 13). Plaintiff filed a Response (dkt # 14), and Defendants filed a Reply (dkt # 22).

UPON CONSIDERATION of the Motion, the responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND**

The English author Samuel Johnson called second marriages "the triumph of hope over experience." The filing of this action, the latest in a series of three lawsuits and five complaints, none of which has successfully pleaded jurisdiction in this Court, may well represent the triumph of hope over common sense. It certainly does not herald a triumph of any other kind for the Parties or this Court, all of which have now had to needlessly expend a great deal of time and resources dealing with this litigation.

This case, like its predecessors, involves claims against the Defendants for injuries arising from the allegedly unlawful use of proprietary information.[1] The Plaintiff, Alan Richards ("Richards") asserts that he is the rightful patentee of a procedure for converting methane gas to liquid, which the Defendants have allegedly misappropriated as their own. Richards was granted U.S. Patent No. 7,282,603 (the "'603 patent") for this process on October 16, 2007. Richards alleges that after he collaborated with Ayusman Sen ("Sen"), Pennyslvania State University ("Penn State"), and the Penn State Research Foundation, these Defendants stole his methane conversion idea. On October 10, 2006, these Defendants obtained their own patent, U.S. Patent No. 7,119,226 (the "'226 Patent"), which Richards alleges was procured through fraud. Richards has also named as a Defendant the law firm of McQuaide Blasko Fleming & Faulkner, Inc., which represented the other Defendants in certain patent proceedings, discussed below. None of the Defendants are Florida citizens.

Richards filed his first complaint in this Court on August 21, 2007. See Complaint, dkt # 1 in Richards v. Sen, Case No. 07-14254-CIV-MOORE (S.D. Fla., filed Aug. 21, 2007) ("the 2007 case"). That case was first dismissed due to a procedural omission. Rather than move to reopen that case, Richards filed a second lawsuit in this district, Case No. 08-14165-CIV-MOORE, which this Court consolidated with the 2007 case. Richards subsequently filed a Second Amended Complaint in the 2007 case (dkt # 45), which asserted claims for 1) defamation, 2) tortious interference with prospective economic advantage, 3) unfair competition, 4) antitrust violations, 5) breach of contract, 6) a declaratory judgment action

---

[1] A detailed account of the lengthy history of this matter is included in this Court's Order Granting Defendants' Motion to Dismiss (dkt # 61) and Order Denying Plaintiffs' Motion for Reconsideration (dkt # 80) in Richards v. Sen, Case No. 07-14254-CIV-MOORE, and is incorporated herein by reference.

2

seeking to invalidate the '226 Patent, and 7) a declaratory judgment action to establish the rights and obligations of the Parties with respect to the '603 Patent.

In March of 2008, the U.S. Patent and Trademark Office ("PTO") granted Richards' request for reexamination of claims 1-4 of the '226 Patent. Those proceedings were pending when this Court entered the Order dismissing the Second Amended Complaint for lack of personal jurisdiction on November 12, 2008. See Order of Dismissal, dkt # 61 in Richards v. Sen, Case No. 07-14254-CIV-MOORE.

After this Court granted the Defendants' first motion to dismiss, Richards filed a motion for reconsideration and a Notice of Appeal to the Eleventh Circuit. Before this Court could rule on the motion for reconsideration, Richards filed a notice indicating that on January 9, 2009, the PTO had issued a non-final "Office Action" provisionally rejecting claims 1-4 of the '226 Patent, and had set a deadline of March 2, 2009, for Defendants to rebut the rejection. Richards requested a stay pending the PTO's final decision, which this Court granted. On March 19, 2009, this Court received a Notice of Dismissal from the Eleventh Circuit stating that Richards' appeal had been dismissed for lack of prosecution. On March 23, 2009, the Parties filed a Status Report stating that the PTO had reversed its rejection of claims 1-4 of the '226 Patent, re-affirming their patentability, and ultimately ruling against Richards.

At the request of the Parties, this Court proceeded to rule on Richards' motion for reconsideration, entering an Order denying the motion on June 2, 2009. See Order Denying Plaintiffs' Motion for Reconsideration, dkt # 80 in Richards v. Sen, Case No. 07-14254-CIV-MOORE. Richard's motion for reconsideration largely reiterated the claims made in his Second Amended Complaint, and included several "new" exhibits which, for the reasons stated in the Order, did not alter this Court's prior conclusion that Richards had failed to establish personal

3

jurisdiction over the Defendants. The motion for reconsideration also attempted to bootstrap several allegedly "defamatory" statements made by Defendants in connection with the 2009 PTO re-examination proceedings.

On August 14, 2009, Richards filed the Complaint in this action, asserting the exact same claims he previously asserted, which this Court dismissed for lack of personal jurisdiction in the 2007 case.[2] Richards' Complaint is thirty-three pages in length, and is accompanied by twenty-one exhibits totaling 156 pages. See Pl.'s Notice of Filing Exhibits (dkt #'s 6, 15). Like Richards' prior complaints, it accuses Defendants of various forms of "criminal" conduct and includes vague references to "defamatory" activity. Defendants' filed the instant Motion to Dismiss (dkt # 13) on November 16, 2009. The Motion also requests that this Court sanction Richards for unreasonably and vexatiously multiplying litigation, pursuant to 28 U.S.C. § 1927.

## II. ANALYSIS

### A. Lack of Personal Jurisdiction and Collateral Estoppel

The doctrine of collateral estoppel bars "relitigation of particular issues which were actually litigated and decided in a prior suit." Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 (11th Cir. 1990). Collateral estoppel applies where

> (1) the issue was identical in both the prior and current action; (2) the issue was actually litigated in the prior action; (3) the determination of the issue was critical and necessary to the judgment in the prior action; and (4) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

Dennis v. U.S. Bureau of Prisons, 325 F. App'x 744, 747 (11th Cir. 2009) (citation and quotation marks omitted). Collateral estoppel bars the relitigation of jurisdictional questions. See N. Ga. Elec. Membership Corp. v. City of Calhoun, 989 F.2d 429, 433 (11th Cir. 1993) ("'Although the

---

[2] The instant Complaint omits the breach of contract claim asserted in the 2007 case. That claim was brought on behalf of Richards' company, GTL Technologies, which was Richards' co-Plaintiff in the 2007 case and the Party that entered into the research contract with Penn State.

dismissal of a complaint for lack of jurisdiction does not adjudicate the merits so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims'") (quoting Boone v. Kurtz, 617 F.2d 435, 436 (5th Cir. 1980)).

Richards' claims and the facts underlying them are the same in this suit and the 2007 case. Indeed, Richards admits as much, and also admits that he filed this lawsuit to get another bite at the jurisdictional apple. His Complaint acknowledges that "[a] prior complaint addressing the same events was filed previously," and that this Court dismissed that suit "because insufficient evidence was presented by Plaintiff . . . to establish jurisdiction over the Defendants in federal court in Florida." Compl. at 1. Richards states that "[t]his revised Complaint has been amended accordingly, and it is believed and asserted that all statutory and constitutional requirements for jurisdiction and venue are fully met by this filing." Id.

While the Defendants' instant Motion reiterates the same jurisdictional arguments made in their previous motion to dismiss, the Defendants do not, in so many words, raise a collateral estoppel defense. Normally, preclusion doctrines such as res judicata or collateral estoppel are affirmative defenses that are waived when not raised. See Fed. R. Civ. P. 8(c); Simmons v. Chatham Nursing Home, Inc., 93 F. Supp. 2d 1265, 1267 (S.D. Ga. 2000). A court may raise the issue of collateral estoppel sua sponte, however, where the prior action was brought before the same court, and deference to the prior judgment is warranted to promote judicial economy. See Boone, 617 F.2d at 436; Studio Art Theatre of Evansville, Inc. v. City of Evansville, 76 F.3d 128, 130 (7th Cir. 1996); Porta Stor, Inc. v. PODS, Inc., Case No. 8:07-cv-1291-T-23TBM, 2008 WL 785358, at *7 n.39 (M.D. Fla. Mar. 21, 2008); Simmons, 93 F. Supp. 2d at 1267-68. This

course of action is particularly appropriate here, where a litigant seeks to "evade this Court's prior [Order] merely by rearranging the deck chairs on the same ship, then re-launching it." Id.

All the elements of collateral estoppel are present here. The personal jurisdiction issue raised by the Defendants here is the identical issue raised and litigated in the 2007 case.[3] The Defendants were—and are—Pennsylvania citizens who, for the reasons stated in this Court's prior Orders, did not purposefully direct any activity to the state of Florida and did not have sufficient minimum contacts with Florida. The decision of this issue was necessary to this Court's Order dismissing the 2007 case. And there can be no doubt that Richards was afforded a full and fair opportunity to litigate the issue, as he was represented by counsel—the same counsel representing him here—who had ample opportunity to present written argument and evidence not only in connection with the motion to dismiss, but also on the motion for reconsideration. Richards had yet another opportunity to litigate the issue in the Eleventh Circuit, which he forsook when he failed to prosecute his appeal. Accordingly, collateral estoppel bars the relitigation of personal jurisdiction here, and Richards' claims must be dismissed, once again.

B.  Sanctions

Defendants request that this Court sanction Richards' counsel pursuant to 28 U.S.C.

---

[3] Richards' instant Complaint, like the Complaint in the 2007 case, purports to bring an action for defamation. Richards' examples of "defamatory" statements include many of the same statements he cited in the 2007 case, but Richards also cites Defendants' filings in the early 2009 PTO re-examination proceedings, which were published on the internet by the PTO. These statements were not cited in the Second Amended Complaint. As noted above, however, Richards cited them as a basis for personal jurisdiction in his motion for reconsideration. This is the only conceivable substantive difference between the instant Complaint and the Second Amended Complaint in the 2007 case. Even if Defendants' 2009 statements may properly be considered as a "new" alleged basis for personal jurisdiction, those statements, which were published by a third party on a generally accessible government website, do not remotely indicate that the Defendants purposefully availed themselves of the Florida forum. Accordingly, those statements are not sufficient to subject Defendants to personal jurisdiction in Florida. See Roblor Mktg. Group, Inc. v. GPS Indus., Inc., 645 F. Supp. 2d 1130, 1142 (S.D. Fla. 2009) ("The mere world-wide accessibility of [Defendant's] websites in the absence of any actual interaction will not support a finding that jurisdiction attaches.").

§ 1927, and that Richards be prohibiting from re-filing this suit against the Defendants in Florida. Section 1927 provides that an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The statute is penal, and must therefore be strictly construed. See Monk v. Roadway Exp., Inc., 599 F.2d 1378, 1382 (5th Cir. 1979); Murray v. Playmaker Servs., L.L.C., 548 F. Supp. 2d 1378, 1382 (S.D. Fla. 2008).

To justify an award of attorneys' fees and costs under § 1927, three conditions apply: 1) an attorney has engaged in unreasonable in vexatious conduct; 2) this conduct must multiply the proceedings; and 3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct. Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997). The first condition only exists where "the attorney's conduct is so egregious that it is tantamount to bad faith." Hudson v. Int'l Computer Negotiations, Inc., 499 F.3d 1252, 1262 (11th Cir. 2007) (citation and quotation marks omitted). Bad faith is measured against an objective standard. See id. Further, injunctions prohibiting recalcitrant litigants from filing vexatious lawsuits may complement monetary sanctions; "[s]uch injunctions . . . are standard remedies for misconduct in litigation." See Carr v. Tillery, __ F.3d __, 2010 WL 92487, at *9 (7th Cir. Jan. 12, 2010) (citing Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1298-99 (11th Cir. 2002)).

Richards' counsel's persistence in proceeding with this litigation despite the lack of personal jurisdiction indicates that § 1927 sanctions may be warranted in this case. Richards' Response declined to address Defendants' request for sanctions. Before the Court resolves this question, Richards' counsel will be afforded an additional opportunity to respond.

## III. CONCLUSION

In light of the foregoing, it is

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss (dkt # 13) is GRANTED. This case is DISMISSED. The Clerk of the Court is directed to CLOSE this case. All pending motions are DENIED AS MOOT. It is further

ORDERED that counsel for Richards shall SHOW CAUSE in writing no later than fifteen (15) days from the date of entry of this Order why they should not be sanctioned pursuant to 28 U.S.C. § 1927 for vexatiously and unreasonably multiplying litigation. Counsel shall specifically address their decision to file the instant action, despite its being substantively identical to the 2007 case and therefore clearly barred by collateral estoppel. Counsel shall also explain why this Court should not grant Defendants' request to enjoin Richards from re-filing another lawsuit in Florida against the Defendants.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of January, 2010.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record